```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MOHAMED MUSA and ALI ELMARDI,                       :
individually and on behalf of all other persons     :
similarly situated who were employed by             :
SUPERSHUTTLE INTERNATIONAL, INC.,                   :
SUPERSHUTTLE FRANCHISE CORPORATION,                 :
VEOLIA TRANSPORTATION SERVICES, INC.,               :
and SHUTTLE ASSOCIATES, LLC, all d/b/a              :
SuperShuttle, and any other corporate entities      :
affiliated with, controlled by, or controlling same,:
                                                    :    **MEMORANDUM AND ORDER**
                       Plaintiffs,                  :    12-CV-2418 (DLI)(RLM)
                                                    :
            -against-                               :
                                                    :
SUPERSHUTTLE INTERNATIONAL, INC.,                   :
SUPERSHUTTLE FRANCHISE CORPORATION,                 :
VEOLIA TRANSPORTATION SERVICES, INC.,               :
and SHUTTLE ASSOCIATES, all d/b/a                   :
SUPERSHUTTLE, and any other corporate entities      :
affiliated with, controlled by, or controlling same,:
                                                    :
                       Defendants.                  :
-----------------------------------------------------------------x
```

**DORA L. IRIZARRY, U.S. District Judge:**

Plaintiffs Mohamed Musa ("Musa") and Ali Elmardi ("Elmardi," together with Musa, the "Plaintiffs") bring this action (the "*Musa* Action"), individually and on behalf of all other persons similarly situated, against SuperShuttle Associates ("SuperShuttle" or "Defendant")[1] for damages arising from alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Specifically, Plaintiffs contend that SuperShuttle has misclassified the Plaintiffs, and all those similarly situated, as independent contractors instead of employees, and, as a result they are entitled to, *inter alia*, recovery of unpaid wages. SuperShuttle moves to

---

[1] Plaintiffs' claims against the other Defendants, SuperShuttle International Inc., SuperShuttle Franchise Corporation, and Veolia Transportation Services, Inc., were voluntarily dismissed on July 17, 2012.

dismiss all of the claims asserted against it pursuant to Rules 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure. However, Defendant's reliance on Rule 12(b)(6) is misplaced as Defendant actually moves to dismiss the Complaint on the ground that Plaintiffs' claims are time-barred, which is an affirmative defense and not a Rule 12(b)(6) ground. (Docket Entry No. 17.) Plaintiff opposes. For the reasons set forth below, SuperShuttle's motion is granted in part and denied in part.

## BACKGROUND

Except as noted otherwise, the following facts are taken from the Plaintiffs' complaint and are assumed true for the purposes of this motion. Defendant SuperShuttle is a New York Corporation that provides airport transportation services. (Compl. ¶¶ 10, 23, Docket Entry No. 1.) Plaintiffs and the putative class members were hired by SuperShuttle as drivers to pick up customers at airports, hotels, and residences and provide shuttle transportation. (*Id*. ¶ 23.) Musa worked as a driver from approximately May 2004 through June 2010, and Elmardi worked as a driver from approximately September 2006 through December 2010. (*Id*. ¶¶ 6, 7.) The parties clarify in their briefs that Musa and Elmardi both entered into franchise agreements with SuperShuttle. (Def.'s Mem. of Law in Supp. of their Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) & (7) ("Def.'s Mem.") at 1, Docket Entry No. 17; Pls.' Mem. of Law in Opp. To Defs.' Mot. to Dismiss (Pls.' Mem.) at 1, Docket Entry No. 26.) Franchisees both could operate their own vans as drivers and subcontract with relief drivers. (Def.'s Mem. at 1; *see also* Pl.'s Mem. 1-2.)

SuperShuttle exercised control over the means by which the drivers performed their jobs. (Compl. ¶ 26.) For example, Plaintiffs were not permitted to refuse pick-ups of customers or to schedule pick-ups and drop-offs according to the drivers' own schedules. (*Id*. ¶ 27.) Instead, Plaintiffs were required to pick-up and drop-off customers in accordance with SuperShuttle's

reservation and dispatch system. (*Id.* ¶ 27.) Plaintiffs also were required to wear SuperShuttle uniforms and use vans that were painted a specific shade of blue, displayed the SuperShuttle trademark, had a specific passenger capacity, and had the required interior decorations, signage, and other interior specifications. (*Id.* ¶¶ 28, 31.) Plaintiffs were required to pay numerous operating costs out of their earned wages, including a weekly "franchise" fee, a weekly shuttle van lease fee, and payments for liability insurance. (*Id.* ¶ 32.) Plaintiffs allege that, based on the type of services that Plaintiffs provided and the level of control that Defendant asserted, SuperShuttle improperly classified the Plaintiffs as independent contractors rather than employees. (*Id.* ¶ 33, 34.)

On December 2, 2008, an action was brought in this Court by fifteen current and former SuperShuttle "independent contractors" against the same Defendants initially named in this action (the "*Reid* Action"). *Reid v. SuperShuttle Int'l, Inc.*, 08-cv-4854 (JG)(VVP). The Plaintiffs in the instant action were putative class members in the *Reid* Action. (Pls.' Mem. at 2.) On January 5, 2012, the parties to the *Reid* Action reached a settlement agreement (*Id.* at 3), and, on February 8, 2012, class certification was granted. (*Id.* at 10.) On April 20, 2012, Musa and Elmardi, along with over one hundred other class members in the *Reid* Action, opted out of the settlement. (*Id.* at 4, 11.)

Thereafter, on May 15, 2012, Plaintiffs commenced this action against SuperShuttle and asserted claims for: (1) failure to pay minimum wages under the FLSA; (2) failure to pay minimum wages and wages for all hours worked in violation of the NYLL; (3) failure to pay overtime pursuant to the NYLL; (4) improper deductions under the NYLL; (5) and improper charges under the FLSA. (Compl. ¶¶ 41-79.) SuperShuttle moves to dismiss Plaintiffs' claims against it pursuant to Rules 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure,

3

claiming that some of Plaintiffs' claims are time-barred and that Plaintiffs failed to join necessary parties under Rule 19. (Def.'s Mem. at 1.)

## DISCUSSION

### I. Legal Standard

Rule 12(b)(7) provides that an action may be dismissed for failure to join necessary parties as defined under Rule 19. Fed. R. Civ. P. 12(b)(7). "The Second Circuit has set forth a two-step test for determining whether the court must dismiss an action for failure to join an indispensable party." *DePasquale v. DePasquale*, 2013 WL 789209 (E.D.N.Y. Mar. 1, 2013), *reconsideration denied*, 2013 WL 4010214 (E.D.N.Y. Aug. 5, 2013) (citing *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 724 (2d Cir. 2000)). First, the court must determine whether a party is necessary under Rule 19(a), which provides, in relevant part, that a party must be joined if, "in that person's absence, the court cannot accord complete relief among existing parties." *Id.* (citing Fed. R. Civ. P. 19(a)). Second, if a necessary party cannot be joined, the court then must determine whether the party's absence warrants dismissal pursuant to Rule 19(b) because the party also is indispensable. *Id.* (citing *Viacom Int'l, Inc. v. Kearney*, 212 F.3d at 725).

### II. Analysis

#### a. Plaintiffs' Class Claims Did Not Toll During the *Reid* Action

Defendant claims that any FLSA claims accruing prior to three years before the commencement of this action and any NYLL claims accruing prior to six years before the commencement of this action are barred by the applicable statutes of limitation. (Def.'s Mem. at 17.) In response, Plaintiffs argue that, pursuant to the Supreme Court's decision in *American Pipe and Construction Co. v. Utah*, 414 U.S. 538 (1974), their claims are not time-barred

4

because the statutes of limitation were tolled during the pendency of the *Reid* Action. (Pls.' Mem. at 8.)

A two-year statute of limitations applies under the FLSA except in the case of a willful violation, which has a three-year statute of limitations. 29 U.S.C. § 255(a). For the purposes of this motion, Defendant assumes that the three-year limitation applies. (Def.'s Mem. at 17.) Under the statute of limitations applicable to the NYLL, plaintiffs may recover damages going back six years, regardless of whether the violation is willful or not. *Guadalupe v. Tri-State Employment, Mgmt. & Consulting, Inc.*, 2013 WL 4547242 (E.D.N.Y. Aug. 28, 2013) (citing N.Y. Lab. Law § 663(3)).

Under the rule announced in *American Pipe and Construction Co. v. Utah*, a statute of limitations may be tolled by the commencement of a class action suit as to all asserted members of the class. 414 U.S. at 554. The plaintiffs in *American Pipe* originally brought a timely putative class action antitrust suit, but class action status was denied by the district court for failure to satisfy the prerequisite of "numerosity." *Id.* at 540-43. Soon thereafter, members of the putative class moved to intervene as named plaintiffs. *Id.* at 543-44. The district court denied the motion to intervene on the basis that the applicable statute of limitations had run. *Id.* at 544. On appeal, the Ninth Circuit reversed. The Supreme Court affirmed the Ninth Circuit Court's ruling, holding that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Id.* at 554. The Supreme Court has since extended the *American Pipe* tolling rule to those purported class members who file individual actions after class action status is denied, rather than seek to intervene in the original action. *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 350-51 (1983).

"The theoretical basis on which *American Pipe* rests is the notion that class members are treated as parties to the class action 'until and unless they received notice thereof and chose not to continue.'" *In re WorldCom Sec. Litig.*, 496 F.3d 245, 255 (2d Cir. 2007) (quoting *American Pipe and Construction Co. v. Utah*, 414 U.S. at 551). Thus, the limitations period does not run against members of the asserted class until they cease to be members of the class, either upon denial of class certification, *Giovanniello v. ALM Media, LLC*, 2013 WL 4016567 (2d Cir. Aug. 8, 2013), or when they opt out. *In re WorldCom Sec. Litig.*, 496 F.3d at 255 (finding that the tolling rule applies to those members of a putative class who file individual suits before class certification is resolved); *see also Eisen v. Carlisle & Jacquelin*, 417 U.S. 176, n.13 (1974).

Defendant argues that *American Pipe* does not permit tolling of claims in a subsequent class action, as opposed to individual actions by putative class members. (Def.'s Mem. at 6.) In *Korwek v. Hunt*, the Second Circuit held that "the tolling doctrine enunciated in *American Pipe* does not apply to permit a plaintiff to file a subsequent class action following a definitive determination of the inappropriateness of class certification." 827 F.2d 874, 879 (2d Cir. 1987).[2] In this case, however, there has not been a "definitive determination of the inappropriateness of class certification." To the contrary, the purported class was certified in the *Reid* Action. Thus, *Korwek* does not specifically foreclose – nor does it specifically allow – tolling of the Plaintiffs' claims during the pendency of the *Reid* Action.

Considering the relevant policy considerations, the Court concludes that the *American*

---

[2] The *Korwek* plaintiffs had been members of the putative class in a previously filed class action. *Korwek v. Hunt,* 827 F.2d at 875-76. Upon a motion to certify the class, the district court drastically narrowed the scope of the class, thereby excluding the *Korwek* plaintiffs. *Id.* at 876. The *Korwek* plaintiffs then filed a new class action requesting certification of a class identical in scope to the broad request rejected in the original suit. *Id.* The *Korwek* Court refused to apply *American Pipe* tolling under those circumstances, but the court expressly declined to answer the question of "whether the filing of a potentially proper subclass would be entitled to tolling under *American Pipe*." *Id.* at 879.

6

*Pipe* tolling rule should not apply to the present class action. First, through the rule announced in *American Pipe* and expanded by *Crown, Cork & Seal,* "[t]he Supreme Court sought to prevent a 'needless multiplicity of actions' which might result if putative class members were required to file separate actions to hedge against the possibility of the class action failing." *Lawrence v. Phillip Morris Companies, Inc.*, 1999 WL 51845, at *3 (citing *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. at 351); *see also Trief v. Dun & Bradstreet Corp.*, 144 F.R.D. 193, 203 (S.D.N.Y. 1992) (finding that "[t]he *American Pipe* tolling rule allows putative class members to wait on the sidelines, rather than forcing them to congest the courts with defensively filed suits designed solely to guarantee that such plaintiff's claims are not arbitrarily precluded by the running of a statute of limitations). Here, the individual claims of the putative class members who opted out of the *Reid* Action may have been tolled during the pendency of *Reid*, and it may still be possible for many members of the class to bring individual claims against SuperShuttle. Thus, declining to extend the *American Pipe* rule to the present circumstances will not threaten the policy consideration motivating the tolling rule.

Moreover, this case presents the potential for abuse. *See Lawrence v. Phillip Morris Companies, Inc.*, 1999 WL 51845, at *3 (E.D.N.Y. Jan. 9, 1997) (observing that "*Korwek* and cases like it reflect a concern about possible abuse of the *American Pipe* rule.") In particular, courts have expressed concern that members of a putative class may abuse the *American Pipe* rule by: 1) attempting to reargue the issue of class certification after it has been denied by filing new but repetitive complaints, *id.* (citing *Korwek v. Hunt,* 827 F.2d at 879); and 2) attempting to "piggyback one class action onto another and thus toll the statute of limitations indefinitely." *Id.* (citing *Korwek v. Hunt,* 827 F.2d at 878.) Here, there is no threat of the former type of abuse, since the class was certified in the *Reid* Action. However, there remains the potential for a

7

subset of the putative class members in the *Musa* Action to break off and file yet a third class action suit against SuperShuttle. To allow tolling under these circumstances would invite further iterations of class actions suits for any subset of putative plaintiffs dissatisfied with the settlement offered, thereby tolling the statute of limitations indefinitely. Thus, it is consistent with, although not dictated by, *Korwek* that tolling should not be permitted under the circumstances presented in this case.

Accordingly, the Court finds that the applicable statutes of limitation were not tolled on Plaintiffs' class claims as a result of the *Reid* Action. Therefore, Plaintiffs' FLSA claims accruing before May 15, 2009 and Plaintiffs' NYLL claims accruing before May 15, 2006 are dismissed as time-barred.

### b. Plaintiffs Must Amend the Complaint to Clarify the Putative Class

Defendant argues that Plaintiffs' complaint should be dismissed because Plaintiffs have failed to join all necessary parties. (Def.'s Mem. at 5-6.) Specifically, Defendant claims that all individuals or entities that entered into a franchise agreement with SuperShuttle (the "Franchisees") must be joined as Defendants. (*Id.*) According to SuperShuttle, the Franchisees' presence is necessary to afford complete relief to any drivers who are part of the putative class and were employed by the Franchisees through a subcontract. (*Id.*) In response, Plaintiffs do not specifically object to Defendant's joinder analysis. Instead, Plaintiffs assert that this action does not seek relief for drivers who were not also Franchisees. (Pls.' Mem. at 4-5.) Plaintiffs have offered to amend the complaint to clarify the class definition. (Pls.' Mem. at 5.)

Since the parties' dispute turns on whether the putative class includes non-Franchisee drivers, Plaintiffs are directed to amend their complaint to clarify the scope of the putative class within thirty (30) days of the date of this Order. Accordingly, Defendant's Rule 12(b)(7) motion is denied without prejudice to renew after Plaintiffs have amended the Complaint.

## CONCLUSION

For the reasons stated above, SuperShuttle's motion to dismiss is granted in part and denied in part. Plaintiffs' FLSA claims accruing before May 15, 2009 and Plaintiffs' NYLL claims accruing before May 15, 2006 are dismissed as time-barred. Defendant's Rule 12(b)(7) motion is denied without prejudice to renew after Plaintiffs have amended the Complaint.

Plaintiffs are directed to amend their complaint to clarify the scope of the putative class by October 30, 2013.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2013

_____/s/_____
DORA L. IRIZARRY
United States District Judge

9